IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED
OCT - 1 2008
CLERK, US DISTRICT COURT
NORFOLK, VA

GOLDEN AND ZIMMERMAN, LLC
8273 Main Street
Ivor, VA 23866

and

ROBERT W. PRIVOTT
d/b/a OUTER BANK AMMUNITION
8109 Caratoke Hwy
Algonquin Ctr, Unit 2
Powells Point, NC 27966

Plaintiffs

v. Civil Action No. 2:08cv468

EDGAR A. DOMENECH
Special Agent in Charge
Washington Field Division
Bureau of Alcohol, Tobacco,
Firearms & Explosives
1401 H Street, N.W., Suite 900
Washington, D.C. 20226

Respondent

**COMPLAINT**

1) This is an action for declaratory relief, pursuant to 28 U.S.C. § 2201(a), with respect to the application of 18 U.S.C. § 922 and § 923 to the activities of Plaintiffs.

JURISDICTION AND VENUE

2) This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 as it arises under the laws of the United States.

3) Venue is proper in the Eastern District of Virginia, under 28 U.S.C. § 1391(e), as Plaintiff Golden and Zimmerman, LLC (hereinafter

"G&Z") resides in Ivor, Virginia and the events giving rise to the claim occurred in the Eastern District of Virginia.

PARTIES

4) Plaintiff G&Z is a federally licensed firearms dealer which, among other items, transfers firearms at gun shows in the Eastern District of Virginia to non-federally licensed Virginia residents.

5) Plaintiff Privott is a federally licensed firearms dealer who, among other items, transfers firearms at his business premises in North Carolina to non-federally licensed North Carolina residents and who attends gun shows in the Eastern District of Virginia to sell items other than firearms.

6) Defendant Edgar A. Domenech (hereinafter "Domenech") is the Special Agent in Charge, Washington Field Division, Bureau of Alcohol, Tobacco, Firearms & Explosives (hereinafter "ATF"), with responsibility to enforce the federal firearms laws in Virginia.

APPLICABLE LAW

7) 18 U.S.C. § 922(a)(1) provides in pertinent part that it "shall be unlawful":

> (1) for any person - (A) except a . . . licensed dealer, to engage in the business of . . . dealing in firearms, or in the course of such business to ship, transport, or receive any firearm in interstate or foreign commerce . . . .

8) 18 U.S.C. § 922(b)(3) provides in pertinent part:

> It shall be unlawful for any . . . licensed dealer . . . to sell or deliver -
>
> * * *
>
> (3) any firearm to any person who the licensee knows or has reasonable cause to believe does not reside in (or if the

person is a corporation . . ., does not maintain a place of business in) the State in which the licensee's place of business is located . . . .

Paragraph . . . (3) . . . of this subsection shall not apply to transactions between . . . licensed dealers . . . .

9) 18 U.S.C. § 923(a) provides in pertinent part:

No person shall engage in the business of . . . dealing in firearms . . . until he has filed an application with and received a license to do so from the Attorney General.

10) 18 U.S.C. § 923(j) provides in pertinent part:

A . . . licensed dealer may, under rules or regulations prescribed by the Attorney General, conduct business temporarily at a location other than the location specified on the license if such temporary location is the location for a gun show or event sponsored by any national, State, or local organization, or any affiliate of any such organization devoted to the collection, competitive use, or other sporting use of firearms in the community, and such location is in the State which is specified on the license.

FACTS

11) Plaintiff G&Z attends gun shows in the Eastern District of Virginia to sell firearms to non-federally licensed Virginia residents, but has refrained from receiving firearms at such gun shows from federally licensed firearms dealers whose business premises are not located in Virginia for transfer to non-federally licensed Virginia residents because ATF has taken the position that federally licensed firearms dealers whose business premises are located in Virginia may not receive firearms at gun shows in Virginia from federally licensed firearms dealers whose business premises are not located in Virginia for transfer at the gun shows to non-federally licensed Virginia residents.

12) Plaintiff Privott attends gun shows in the Eastern District of

Virginia to sell items other than firearms, but has refrained from offering firearms for sale at such gun shows because ATF has taken the position that federally licensed firearms dealers whose business premises are not located in Virginia may not transfer firearms at gun shows in Virginia to federally licensed firearms dealers whose business premises are located in Virginia for subsequent transfer at the gun shows to non-federally licensed Virginia residents.

COUNT I

13) Paragraphs 1-12 are incorporated herein by reference.

14) ATF takes the position that federally licensed firearms dealers whose business premises are not located in Virginia "may only display and take orders for firearms" at gun shows in Virginia. www.atf.gov/firearms/faq/faq2.htm#f13. Further, "[i]n filling any orders for firearms," federally licensed firearms dealers whose business premises are not located in Virginia:

> must return the firearms to his or her licensed premises and deliver them from that location. Any firearm ordered by a non-licensee must be delivered or shipped from the licensee's premises to a licensee in the purchaser's State of residence, and the purchaser must obtain the firearm from the licensee located in the purchaser's State.

*Id.*

15) As authority for the above, ATF relies on 18 U.S.C. § 922(a)(1), § 922(b)(3), § 923(a), and § 923(j). *Id.*

16) 18 U.S.C. § 922(a)(1), § 922(b)(3), § 923(a), and § 923(j) do not prohibit Plaintiff G&Z from receiving firearms from Plaintiff Privott at gun shows in Virginia for transfer at the gun shows to non-federally licensed Virginia residents.

17) ATF has erroneously applied 18 U.S.C. § 922(a)(1), § 922(b)(3), § 923(a), and § 923(j) to Plaintiffs.

18) As a result of ATF's position, Plaintiffs have refrained from doing what they have the right to do under 18 U.S.C. § 922(a)(1), § 922(b)(3), § 923(a), and § 923(j).

19) 28 U.S.C. § 2201(a) provides in pertinent part:

> In a case of actual controversy within its jurisdiction, . . . . . , any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

20) There is an actual controversy between the parties concerning the application of 18 U.S.C. § 922 and § 923 to Plaintiffs at gun shows in Virginia.

WHEREFORE, G&Z and Privott pray that this court: 1) declare that Plaintiff G&Z may receive firearms at gun shows in Virginia from Plaintiff Privott for subsequent transfer at the gun shows to non-federally licensed Virginia residents; and 2) award such other relief, including costs and attorney's fees pursuant to 28 U.S.C. § 2412, as appropriate.

Respectfully submitted,

Golden and Zimmerman, LLC
Robert W. Privott

By counsel

Richard E. Gardiner
VA Bar No. 19114
Attorney for
Golden and Zimmerman, LLC
Robert W. Privott
Law Office of Richard E. Gardiner
Suite 403
3925 Chain Bridge Road
Fairfax, VA 22030
(703) 352-7276
(703) 359-0938 (fax)
regardiner@cox.net